IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WILLIE DAVIS and AGNES ODUM, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO.: CV506-082 |
| COFFEE COUNTY SHERIFF'S OFFICE; COFFEE COUNTY; ROB SMITH, Sheriff; and RUFFISE PAULK, | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a complaint in the Coffee County Superior Court. On October 2, 2006, he filed a Notice of Removal seeking to proceed in this Court.

The federal removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants* to the district court of the United States for the district and division embracing the place where such action is pending . . . .

28 U.S.C. § 1441(a) (emphasis added). In accordance with the plain language of this statute, only defendants may remove an action from state to federal court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-105, 61 S. Ct. 868, 871-72, 85 L. Ed. 1214 (1941). The purpose of restricting the right of removal to the defendant is to restrict removal to the party who had no choice in selection of the forum. Plaintiff fails to show any

AO 72A
(Rev. 8/82)

reason why, as a plaintiff, he has any right to remove this action to federal court. Plaintiff's case should be remanded to the Superior Court of Coffee County, as Plaintiff lacks standing to remove under 28 U.S.C. § 1441(a).

Accordingly, it is my **RECOMMENDATION** that this action be remanded. Furthermore, Plaintiff's request to proceed in forma pauperis is hereby **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)